UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LARRY EUGENE MANN,

      Petitioner,

v.                                     Case No. 8:02-cv-1439-T-23MAP
                                                     **(Death Case)**

MICHAEL W. MOORE,

      Respondent.

_____/

# O R D E R

Larry Mann's petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenges the validity of his state conviction for murder, for which offense he was sentenced to death.  Mann's amended petition (Doc. 19) asserts seventeen grounds for relief.[1]  The respondent moves to dismiss Grounds I, III, IV, VI, VII, IX - XI, and XIII - XVIII (Doc. 23) for procedural deficiencies.  Mann opposes (Doc. 24) dismissal of any of the grounds.  Having considered the arguments of the parties and reviewed the record, this court concludes that dismissal of some of the challenged grounds is proper.

BACKGROUND

The facts supporting Mann's conviction are not complicated, but the procedural history of the death sentence is quite complex.  The Florida Supreme Court found the following facts on the direct appeal of Mann's conviction.

On November 4, 1980, ten-year-old Elisa Nelson was abducted while bicycling to school after a dentist's appointment.  Her bicycle was found

---

[1]  The grounds are numbered I through XVIII, but the number XII was omitted.

later that day, and searchers found her body the following day.  She died from a skull fracture and had been stabbed and cut several times.

The afternoon of the 4th Mann attempted to commit suicide.  The police took him to a hospital where he stayed several days.  On November 8th Mann's wife, while looking in his pickup truck for his eyeglasses, found a bloodstained note written by Elisa's mother explaining her daughter's tardiness because of the dentist's appointment.  The police obtained a warrant to search Mann's truck and home and arrested him on the 10th.

*Mann v. State*, 420 So.2d 578, 580 (Fla. 1982) ("*Mann I*").  The court upheld the

conviction but reversed the death sentence and remanded the case for a new penalty

hearing.  The trial court conducted a new sentencing hearing without a jury and again

sentenced Mann to death.  The second death sentence was affirmed on appeal.  *Mann

v. State*, 453 So.2d 784 (Fla. 1984) ("*Mann II*"), *cert. denied*, 469 U.S. 1181 (1985).

Mann unsuccessfully challenged the validity of his conviction and sentence in a state

Rule 3.850 motion for post-conviction relief and in a state petition for the writ of habeas

corpus.  *Mann v. State*, 482 So.2d 1360 (Fla. 1986) ("*Mann III*").

Mann then challenged his conviction and sentence in a petition for the writ of

habeas corpus pursuant to 28 U.S.C. § 2254, which was denied.  *Mann v. Wainwright*,

8:86-135-Civ-T-17(A).  In an *en banc* decision, the circuit court ruled that Mann's

sentencing proceeding was conducted in violation of *Caldwell v. Mississippi*, 472 U.S.

320 (1985).[2]  *Mann v. Dugger*, 844 F.2d 1446 (11th Cir. 1988) ("*Mann IV*"), *cert. denied*,

---

[2]  The death sentence challenged in Mann's federal habeas petition was entered by the judge at resentencing without the benefit of a jury.  But because the trial judge was required to give deference to the jury's recommendation of death, the constitutional error that occurred in the original penalty hearing continued to taint the second death sentence.

Petitioner has already had one resentencing, pursuant to an order by the Supreme Court of Florida.  *See supra* note 2 and accompanying text.  That resentencing was

489 U.S. 1071 (1989).  Mann received a new penalty hearing with a new jury.  Mann

was again sentenced to death and the sentence was upheld on appeal.  *Mann v. State,*

603 So.2d 1141 (Fla. 1992) ("*Mann V*"), *cert. denied*, 506 U.S. 1085 (1993).  Mann's

Rule 3.850 motion for post-conviction relief was denied, *Mann v. State*, 770 So.2d 1158

(Fla. 2000) ("*Mann VI*"), and his state petition for the writ of habeas corpus was also

denied.  *Mann v. State*, 794 So.2d 595 (Fla. 2001) ("*Mann VII*"), *cert. denied*, 536 U.S.

962 (2002).[3]

Mann commenced this action in August, 2002 (Doc. 1), and he simultaneously

moved for a stay (Doc. 7) so he could pursue a claim in state court based on *Ring v.*

*Arizona*, 536 U.S. 584 (2002).  This action was administratively closed (Doc. 9) and

then re-opened in November, 2004 (Doc. 18), after the state courts rejected his *Ring*

claim.  *Mann v. State*, 868 So.2d 524 (Fla. 2004) (table decision) ("*Mann VIII*"), *cert.*

*denied*, 543 U.S. 892 (2004).  The respondent argues for the dismissal of certain

grounds in the amended petition (Doc. 19) for the following reasons: Grounds X - XVI

are successive, Grounds I (in part), III, IV, VII(F), IX, and XVIII are procedurally barred,

Grounds I, IV, VI, and IX are not properly exhausted, Grounds IX and XVII fail to

---

accomplished without empaneling a new jury;  in resentencing petitioner, therefore, the
trial court used the recommendation of the original sentencing jury.  That being the case,
we must examine the original jury sentencing proceeding in determining whether
petitioner's sentence is valid under the eighth amendment.

*Mann v. Dugger*, 844 F.2d at 1448 fn3.

[3]  To summarize, the first death sentence, imposed in 1981, was reversed by the Florida Supreme
Court in *Mann I*.  The second death sentence, imposed in 1983, was upheld in *Mann II*.  In *Mann IV*, the
Eleventh Circuit rejected Mann's challenges to the conviction but determined that Mann was entitled to a
new penalty hearing.  The third death sentence, imposed in 1990, is the death sentence Mann now
challenges.

present a constitutional claim, and Ground XVIII relies on a case that does not apply

retroactively.

BAR AGAINST SECOND OR SUCCESSIVE PETITIONS

Mann's amended petition contains six grounds that were raised and rejected in

the prior federal action.[4]  The respondent's primary argument for the dismissal of these

claims is based on the proscription against the filing of a second or successive petition

without permission from the circuit court.  "Before a second or successive application

permitted by this section is filed in the district court, the applicant shall move in the

appropriate court of appeals for an order authorizing the district court to consider the

application."  28 U.S.C. § 2244(b)(3)(A).  But Mann's petition is not a "second or

successive application" subject to the preclusion of Section 2244.

The bar against second or successive applications applies when the first petition

was decided on the merits.[5]  Because *Mann IV* was a decision on the merits, the

preclusion against second or successive petitions seems to apply, but Mann is not

---

[4]  Ground X, which challenges Mann's exclusion from the jury's viewing of the location of the killing, was raised as Ground 4 in the prior action. See Respondent's Exhibit 1 at 30-33, attached to the Motion to Dismiss (Doc. 23). Ground XI, which challenges the reliance on a prior conviction as an aggravating factor, was previously identified as Ground 6. See Respondent's Exhibit 1 at 37-55. Ground XIII, which challenges the effectiveness of trial counsel during the guilt phase, was previously identified as Ground 7. See Respondent's Exhibit 1 at 55-64. Ground XIV, which challenges the effectiveness of appellate counsel, was previously identified as Ground 16. See Respondent's Exhibit 1 at 129-35. Ground XV, which challenges the validity of the death sentence based on *Enmund v. Florida*, 458 U.S. 782 (1982), was previously identified as Ground 15. See Respondent's Exhibit 1 at 127-29. Ground XVI, which alleges a double jeopardy violation based on the state's use of additional evidence to prove the prior conviction as an aggravating factor for the death sentence, was previously identified as Ground 8. See Respondent's Exhibit 1 at 105-07.

[5]  The second or successive preclusion does not apply when the prior petition was dismissed for procedural reasons.  "A petition filed after a mixed petition has been dismissed under Rose v. Lundy before the district court adjudicated any claims is to be treated as 'any other first petition' and is not a second or successive petition."  *Slack v. McDaniel*, 529 U.S. 473, 487 (2000).

- 4 -

challenging the same sentence because *Mann IV* required a new penalty phase proceeding.  Consequently, this federal petition is Mann's first challenge to his present death sentence, not a second or successive application.

Moreover, dismissal of the six individual claims the respondent challenges is inappropriate based on the preclusion against second or successive applications.  In *Artuz v. Bennett*, 531 U.S. 4, 9 (2000), a case determining the meaning of a "properly filed application," the Court cautioned against confusing the distinction between a "claim" and an "application."

> Petitioner's interpretation is flawed for a more fundamental reason.  By construing "properly filed application" to mean "application raising claims that are not mandatorily procedurally barred," petitioner elides the difference between an "application" and a "claim."  Only individual *claims,* and not the application containing those claims, can be procedurally defaulted under state law pursuant to our holdings in *Coleman v. Thompson,* 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), and *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), which establish the sort of procedural bar on which petitioner relies.  Compare § 2244(b)(1) ("A *claim presented* in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed") with § 2244(b)(3)(A) ( "Before a second or successive *application* permitted by this section is *filed* in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application" (emphases added)).  See also *O'Sullivan v. Boerckel,* **\*10** 526 U.S. 838, 839-840, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999) ("In this case, we are asked to decide whether a state prisoner must *present* his *claims* to a state supreme court in a petition for discretionary review in order to satisfy the exhaustion requirement" (emphases added)).

Section 2244(b)(3)(A)'s proscription against second or successive applications applies to the entire petition and not to individual claims within the petition.  Moreover, the six grounds are not subject to dismissal based on Section 2244(b)(1), which requires the

dismissal of a "claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application" because, as determined above, this federal petition is not a "second or successive application."

Nevertheless, the six grounds the respondent challenges are not reviewable in this action based on the doctrine of law of the case.  *See e.g., Glock v. Singletary*, 65 F.3d 878, 890-91 (11th Cir. 1995), *cert. denied*, 519 U.S. 1044 (1996).  The six grounds were specifically raised and addressed on the merits in *Mann IV*.[6]  Consequently, Grounds X, XI, XIII, XIV, XV, and XVI are not reviewable on the merits.

FAILURE TO ASSERT A CONSTITUTIONAL CLAIM

Federal habeas corpus review is limited to violations of federal constitutional rights.  "A federal habeas petition may be entertained only on the ground that a petitioner is in custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a)."  *McCullough v. Singletary,* 967 F.2d 530, 535 (11th  Cir. 1992), *cert. denied*, 507 U.S. 975 (1993).  In Ground XVII, Mann argues that "[c]umulatively, the combination of procedural and substantive errors deprived Larry Mann of the fundamentally fair trial, penalty phase, and capital sentencing guaranteed under the Fifth, Sixth, Eighth, and Fourteenth Amendments."  Cumulative error necessarily depends upon the finding that constitutional errors occurred during trial and that, although each individual error considered in isolation was no more than harmless error, collectively the errors are so prejudicial that the outcome of the penalty phase is

---

[6]  See fn 3, *supra*, for a correlation of the grounds in the present petition and in the prior federal action.

not reliable.  A cumulative error argument is actually no more than an extended harmless error analysis.  Consequently, cumulative error is not an independent ground for relief separate from the underlying constitutional errors, such as trial court error, prosecutorial misconduct, invalid jury instructions, or ineffective assistance of counsel. The dismissal of Ground XVII is proper.

## RETROACTIVITY

In Ground XVIII, Mann alleges that "[t]he judgment and sentence of death in this case must be vacated in light of *Ring v. Arizona* [536 U.S. 584 (2002),] because Florida's death penalty statutory scheme facially violates the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and clearly established federal law."  The respondent correctly argues that *Ring* does not apply retroactively to Mann's sentence.  "*Ring* announced a new procedural rule that does not apply retroactively to cases already final on direct review."  *Schriro v. Summerlin*, ___ U.S. ___, 124 S.Ct. 2519, 2526 (2004).  Because Mann's sentence was final in 1993 and *Ring* was not decided until 2003, Mann cannot benefit from *Ring*.  The dismissal of Ground XVIII is proper.

## EXHAUSTION

Portions of two of Mann's grounds cannot be reviewed on the merits because of the doctrine of exhaustion.  A petitioner must present his claims to the state courts before raising them in federal court.  "[E]xhaustion of state remedies requires that petitioners 'fairly presen[t]' federal claims to the state courts in order to give the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal

rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995), quoting *Picard v. Connor,* 404 U.S. 270, 275 (1971).  *Accord, Rose v. Lundy*, 455 U.S. 509, 518-19 (1982) ("A rigorously enforced total exhaustion rule will encourage state prisoners to seek full relief first from the state courts, thus giving those courts the first opportunity to review all claims of constitutional error."), and *Upshaw v. Singletary*, 70 F.3d 576, 578 (11th Cir. 1995) ("[T]he applicant must have fairly apprised the highest court of his state with the appropriate jurisdiction of the federal rights which allegedly were violated.").  The respondent argues that several of the grounds stated in the amended petition were not fairly presented to the state courts and, consequently, not entitled to a federal review on the merits.

Ground I alleges many instances of prosecutorial misconduct.  Mann failed to present the state court with the allegations in paragraph six (prosecutor's comment on the victim's age and size compared to Mr. Mann) and paragraph seven(comments placing the jury in the position of the victim).  Consequently, the allegations in these two paragraphs are unexhausted and not reviewable on the merits.

In Ground VI Mann challenges the instruction given the jury on the aggravating circumstance "in the course of a kidnapping."  In paragraph eight Mann asserts a claim based on a lack of notice.  Because Mann never raised that claim in the state court proceedings, the lack of notice allegation in paragraph eight is not reviewable on the merits.

Mann alleges in Ground III(B) and (C) that the statutory aggravating circumstances of "in the course of a felony" and "especially heinous, atrocious, and

cruel" are vague and overbroad and that the jury received improper instructions on these two aggravators.  On the direct appeal of his sentence, Mann challenged the jury instruction on the statutory aggravating circumstance of "prior violent felony" but he did not raise on challenge to the other two aggravators.  Consequently, Mann failed to properly exhaust Ground III(B) and (C).

PROCEDURAL DEFAULT

A petitioner requesting a federal court to issue a writ of habeas corpus must present his claims to the state courts in a procedurally correct manner.  *Upshaw v. Singletary*, 70 F.3d 576, 579 (11th Cir. 1995).  The procedurally correct way to raise a claim of trial court error is on direct appeal.  The procedurally correct way to raise a claim of ineffective assistance of trial counsel in the Florida state courts is in a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850.  The procedurally correct way to present the Florida state courts with a claim of ineffective assistance of appellate counsel is in a petition for the writ of habeas corpus filed with the appropriate Florida District Court of Appeal.  Mann's petition, liberally construed, presents claims of trial court error and ineffective assistance of both trial and appellate counsel.

Before a claim is procedurally barred from federal review, a state court must reject reviewing the merits of the claim that was presented in an incorrect manner and the rejection must be based on the procedural default.

> Thus, the mere fact that a federal claimant failed to abide by a state
> procedural rule does not, in and of itself, prevent this Court from reaching

> the federal claim: "The state court must actually have relied on the
> procedural bar as an independent basis for its disposition of the case."

*Harris v. Reed*, 489 U.S. 255, 262 (1989), quoting *Caldwell v. Mississippi,* 472 U.S. 320,

327 (1985).  The state court must state that it is enforcing its state procedural rules.  "[I]f

'it fairly appears that the state court rested its decision primarily on federal law,' this

Court may reach the federal question on review unless the state court's opinion contains

a 'plain statement' that its decision rests upon adequate and independent state

grounds."  *Harris v. Reed*, 489 U.S. at 261, quoting *Michigan v. Long*, 463 U.S. 1032,

1042 (1983).  Consequently, citing to the state procedural rule and stating that the claim

"could have been raised on direct appeal" or in some prior proceeding is insufficient.

*Harris v. Reed*, 489 U.S. at 266.  *See also Alderman v. Zant*, 22 F.3d 1541, 1549 (11th

Cir.) ("[W]here a state court has ruled in the alternative, addressing both the

independent state procedural ground and the merits of the federal claim, the federal

court should apply the state procedural bar and decline to reach the merits of the

claim."), *cert. denied*, 513 U.S. 1061 (1994).  The respondent argues that the state court

ruled that Mann procedurally defaulted several of the grounds stated in the amended

petition. Consequently, the initial question is whether the state court issued a "plain

statement" applying the independent and adequate state procedural bar.

   In Ground III(A) Mann alleges that the statutory aggravating circumstance of

"prior violent felony" is vague and overbroad and that the jury received improper

instructions on this aggravator.  On the direct appeal of the sentence, Mann challenged

the jury instruction on the statutory aggravating circumstance of "prior violent felony,"

but the challenge was rejected for the lack of a proper objection.

> Mann argues that the instruction on previous conviction of a violent felony
> improperly relieved the prosecution of having to prove that aggravator
> beyond a reasonable doubt, but did not object to the instruction on this
> ground in the trial court.  This argument, therefore, has not been
> preserved for appeal.  *Tillman v. State*, 471 So.2d 32 (Fla.1985).

*Mann V*, 603 So.2d at 1143.  Consequently, Mann's challenge to the "prior violent

felony" aggravator is procedurally defaulted.

In Ground IV Mann alleges that he "was denied a reliable sentencing under the

Eighth and Fourteenth Amendments because the trial court refused to find mitigation

established by the evidence."  Ground IV is the same claim Mann raised as claim five in

the appeal from the denial of his Rule 3.850 motion for post-conviction relief, and the

Florida Supreme Court specifically found the claim procedurally barred.  "The following

claims are procedurally barred because they could have been but were not raised on

direct appeal: claim five, *see Harvey v. Dugger*, 656 So.2d 1253, 1256 (Fla. 1995)...."

*Mann VI,* 770 So.2d at 1161 fn.2.  Consequently, Ground IV is procedurally defaulted.

Mann alleges several claims of ineffective assistance of trial counsel in Ground

VII.  In subpart F he alleges that "[c]ounsel ineffectively failed to object to the improper

jury instructions regarding the prior violent felony aggravating circumstance."  The

Florida Supreme Court specifically found the claim procedurally barred.

> Mann's final subclaim in this issue, that counsel was ineffective for failing
> to object to the prior violent felony instruction, is procedurally barred
> because it was decided adversely to Mann on direct appeal and is now
> being recast as a claim of ineffective assistance.  *See Mann*, 603 So.2d at

- 11 -

> 1143.  Thus, summary denial of this claim was proper.  *See Cherry v.*
> *State*, 659 So.2d 1069, 1072 (Fla.1995).

*Mann VI,* 770 So.2d at 1163.  Consequently, Ground VII(F) is procedurally defaulted.

In Ground IX Mann challenges the validity of the state rules and procedures that preclude him from interviewing jurors, which is contends is necessary to determine whether there was any juror misconduct.  Ground IX is the same claim Mann raised as claim six in the appeal from the denial of his Rule 3.850 motion for post-conviction relief, and the Florida Supreme Court specifically found the claim procedurally barred.  "The following claims are procedurally barred because they could have been but were not raised on direct appeal: claim six, *see Young v. State*, 739 So.2d 553, n.5...."  *Mann VI,* 770 So.2d at 1161 fn.2.  Consequently, Ground IX is procedurally defaulted.

## CAUSE AND PREJUDICE

Having determined that Mann procedurally defaulted the above identified Grounds III(A), IV, VII(F), and IX, review of these claims is foreclosed unless Mann can satisfy one of two tests.  To overcome procedural default, Mann must establish either (1) "cause for the default and prejudice attributable thereto" or (2) "that failure to consider [his defaulted] claim[s] will result in a fundamental miscarriage of justice." *Harris v. Reed*, 489 U.S. at 262.

To demonstrate "cause" for his procedural default, Mann must show why he failed to comply with Florida's procedural rules.  In general, "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some <u>objective factor external to the defense</u> impeded . . . efforts to comply with the state

- 12 -

procedural rules." *Murray  v. Carrier*, 477 U.S. 478, 488 (1986) (emphasis added).

Even if a petitioner shows cause for his procedural default, he also must show prejudice

arising from the alleged constitutional errors.  A petitioner must show that he suffered

actual prejudice, "not merely that the errors of the trial created a <u>possibility</u> of prejudice,

but that they worked to his <u>actual</u> and substantial disadvantage, infecting his entire trial

with error of constitutional dimensions." *United Stated v. Frady*, 456 U.S. 152, 170

(1982) (emphasis in original).  *Accord Hollis v. Davis*, 941 F.2d 1471, 1480 (11th Cir.

1991).  To show actual prejudice on the basis of his claims, Mann must demonstrate

that the alleged errors so infected the penalty phase that the death sentence is contrary

to due process.

Further, Mann must show that he has exhausted what he claims excuses his

procedural default in state court, to the extent it constitutes an independent

constitutional claim. *See Murray v. Carrier*, 477 U.S. at 488-89 (where ineffective

assistance of counsel is alleged as cause to excuse a procedural default, the claim of

ineffectiveness must be presented to the state courts as an independent claim), and

*Hill v. Jones*, 81 F.3d 1015, 1830 (11th Cir. 1996) ("procedurally defaulted claims of

ineffective assistance *cannot* serve as cause to excuse a default of a[nother] claim.")

(emphasis original), *cert. denied*, 519 U.S. 1119 (1997).

Mann argues that the ineffective assistance of counsel excuses the procedural

defaults.  Ground III(A) challenges the validity of the jury instruction on the "prior violent

felony" aggravating circumstance, a claim that was rejected as not properly preserved.

Ground VII(F) is the related claim of ineffective assistance of trial counsel for having

failed to properly preserve the underlying substantive claim.  The Florida Supreme
Court ruled that the ineffective assistance of counsel claim was procedurally barred
because the argument was an attempt to re-litigate an issue rejected on direct appeal.
*Mann VI,* 770 So.2d at 1163.  Consequently, because Mann's claim of ineffective
assistance of counsel was not presented properly to the state court, the argument
cannot be considered as "cause and prejudice" to overcome the procedural default.
Mann also argues that the ineffective assistance of both trial and appellate counsel are
"cause and prejudice" to overcome the procedural defaults for Grounds IV and IX.
However, these arguments are precluded from consideration because Mann never
presented them to the state courts.  Consequently, Mann's procedurally defaulted
claims are barred from federal review unless Mann can meet the second test for
overcoming the procedural defaults.

As an alternative to showing "cause and prejudice," a petitioner may show that
dismissal of his procedurally defaulted grounds will result in a "fundamental miscarriage
of justice."  Such a showing, however, is very difficult to make.  It requires a petitioner to
demonstrate that he is "actually innocent" of the crime for which he stands convicted, or
in Mann's situation, that he is "actually innocent" of the death sentence.  *See Smith v.
Murray*, 477 U.S. 527, 537 (1986) (citing *Murray v. Carrier*, 477 U.S. at 496).  *See also
Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995) (denying certificate of probable cause)
(petitioner must show, "as a factual matter, that he did not commit the crime of
conviction.").  Moreover, to meet the fundamental miscarriage of justice exception,
Mann must show constitutional error coupled with "new reliable evidence – whether it be

exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Mann does not argue "actual innocence" to overcome the procedural defaults. Consequently, Ground III(A), IV, VII(F), and IX are procedurally barred from federal review.

Accordingly, the respondent's motion to dismiss (Doc. 23) is **GRANTED** to the extent that Grounds I (paragraphs 6 and 7), III, IV, VI (paragraph 8), VII(F), IX, X, XI, XIII, XIV, XV, XVI, XVII, and XVIII are **DISMISSED** for procedural reasons.  The respondent has forty-five (45) days to file an answer addressing the merits of the claims remaining in the petition: Grounds I (except paragraphs 6 and 7), II, V, VI (except paragraph 8), VII (A) - (E), and VIII. Mann has thirty (30) days to respond and the respondent has twenty (20) days to reply.

ORDERED in Tampa, Florida, on April 28, 2006.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

SA/ro

- 15 -